IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MAXIMILIAN ROEMER,                    §
                                      §
        Plaintiff,                    §
                                      §
v.                                    §    CIVIL ACTION NO. H-09-3399
                                      §
CITY OF HOUSTON, et al.,              §
                                      §
        Defendants.                   §
                                      §
                                      §

**<u>MEMORANDUM OPINION</u>**

Pending before the court[1] are Defendant City of Houston's 12(b)(6) Motion to Dismiss Plaintiff's Original Petition (Docket Entry No. 2); Defendant City of Houston's 12(b)(6) Motion to Dismiss Plaintiff's First Amended Complaint (Docket Entry No. 13); Defendant City of Houston's 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint (Docket Entry No. 22); and Defendants Tyler Gossett and Joel Cuffy's Federal Rule of Civil Procedure ("Rule") 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint (Docket Entry No. 28).

The court has considered the motions, all relevant filings, and the applicable law. For the reasons set forth below, the court **DENIES AS MOOT** Defendant City of Houston's 12(b)(6) Motion to Dismiss Plaintiff's Original Petition (Docket Entry No. 2) and

---

[1]    The parties consented to proceed before the undersigned magistrate judge for all proceedings, including trial and final judgment, pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  Docket Entry Nos. 24-26, 38.  The court notes that the docket sheet reflects that Plaintiff has not served Defendant Antonio Chavez.

Defendant City of Houston's 12(b)(6) Motion to Dismiss Plaintiff's
First Amended Complaint (Docket Entry No. 13).   Furthermore, the
court **GRANTS IN PART AND DENIES IN PART** Defendant City of Houston's
12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint
(Docket Entry No. 22) and **DENIES** Defendants Tyler Gossett and Joel
Cuffy's Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended
Complaint (Docket Entry No. 28).

## I.  Case Background

     This action was removed to this court on October 21, 2009,
pursuant to this court's federal question jurisdiction.[2]   The
following are the causes of action as alleged by Plaintiff
Maximillian Roemer ("Plaintiff") against Defendants City of Houston
("the City"), Antonio Chavez ("Chavez"), Tyler Gossett ("Gossett"),
and Joel Cuffy ("Cuffy") (collectively, "Defendants") in
Plaintiff's own words: (1) Unconstitutional Use of Excessive Force
- 42 U.S.C. § 1983 Violation of Fourth Amendment Rights; (2)
Failure to Protect - 42 U.S.C. § 1983 Violation of Fourth Amendment
by Defendants; (3) Failure to Supervise - 42 U.S.C. § 1983
Violation of Fourth Amendment; (4) 42 U.S.C. § 1983 Fourth and
Fourteenth Amendment Violations - City of Houston's Unlawful Policy
by Acts of Official Policy Maker; (5) Monell Claim 42 U.S.C. § 1983
Fourth and Fourteenth Amendment Violations - Defendants' Informal
Custom and Policy; (6) Monell claim 42 U.S.C. § 1983 Fourth and

---

[2]     Notice of Removal, Docket Entry No. 1.

Fourteenth Amendment Violations - City of Houston Unofficial Policy, Custom, or Practice: Failure to Train; (7) 42 U.S.C. § 1983 Fourth and Fourteenth Amendment Violations - Conspiracy to Deprive Plaintiff of Federal Constitutional and State Rights; (8) Monell Claim 42 U.S.C. § 1983 Fourth and Fourteenth Amendment Violations - City of Houston Unofficial Policy, Custom, or Practice: Failure to Supervise; (9) Monell Claim 42 U.S.C. § 1983 Fourth and Fourteenth Amendment Violations - City of Houston Unofficial Policy, Custom, or Practice: Failure to Protect; (10) Monell Claim 42 U.S.C. § 1983 Fourth and Fourteenth Amendment Violations - Ratification; (10) Assault and Battery; and (11) Intentional Infliction of Emotional Distress ("IIED") and Mental Anguish.[3]

The court construes Plaintiff's causes of action to be the following: Plaintiff claims Defendants violated and conspired to interfere with his Fourth and Fourteenth Amendment civil rights under 42 U.S.C. §§ 1983 ("Section 1983") and 1985 ("Section 1985").[4]   Plaintiff also brings state law claims of assault, battery, and IIED.[5] Plaintiff requests actual and punitive damages

---

[3]    Plaintiff's Second Amended Complaint ("Amended Complaint"), Docket Entry No. 20, ¶¶ 16-68.

[4]    Id. at ¶¶ 15-60.

[5]    Amended Complaint, Docket Entry No. 20, ¶¶ 16-68. Although Plaintiff occasionally described Defendants' behavior as negligent, Plaintiff did not plead facts supporting a negligence claim against Defendants. Even reading the complaint broadly, the court discerns no viable claim for negligence. Simply characterizing the assault and battery claims as negligence is insufficient to avoid application of the intentional torts exception. See, e.g., Campbell v. City of San Antonio, 43 F.3d 973, 978 n.8 (5th Cir. 1995)(applying Texas law)("The heart of [the plaintiff's] allegation of negligent use of tangible personal property does indeed seem merely a part of a larger claim for false

as well as attorneys' fees under 42 U.S.C. § 1988.[6]  The City moves
to dismiss certain claims against it, and Defendants Gossett and
Cuffy move to dismiss certain claims against them.[7]

The following allegations are taken from Plaintiff's second
amended complaint.[8]  On or about July 1, 2008,[9] a Houston police
officer stopped Plaintiff outside of JR.'s Bar.[10]  After questioning
Plaintiff, the police officer took him into custody for public
intoxication.[11]  The police officer took Plaintiff to the Houston
Police Department ("HPD") Jail.[12]  While Plaintiff was detained at
the HPD jail, Defendants Chavez, Gossett, Cuffy, and an
unidentified officer pushed, punched, and shouted homosexual slurs
at him while he was in handcuffs.[13]  Defendants Chavez, Gossett,
Cuffy, and the unidentified officer committed these acts despite

---

arrest or false imprisonment.")

[6]     Amended Complaint, Docket Entry No. 20, ¶¶ 69-71.

[7]     The City's Motion to Dismiss, Docket Entry No. 22; Defendants Gossett
and Cuffy's Motion to Dismiss, Docket Entry No. 28.

[8]     Amended Complaint, Docket Entry No. 20.

[9]     The court notes that Plaintiff's second amended complaint lists July
1, 2008, as the date of Plaintiff's alleged injuries; however, Plaintiff's
attorney sent a notice letter to the City Secretary, which identifies Plaintiff's
alleged injuries as occurring on June 1, 2008.  Compare The City's Motion to
Dismiss Plaintiff's Original Petition, Docket Entry No. 2, Ex. 2, Letter from
Jeffrey Musslewhite to Anna Russell Dated Jan. 5, 2009 with Amended Complaint,
Docket Entry No. 20, ¶ 7.

[10]    Amended Complaint, Docket Entry No. 20, ¶ 7.

[11]    Id.

[12]    Id.

[13]    Id.

Plaintiff's requests that they not hurt him.[14]   During this incident, the officers shoved Plaintiff into the jail cell door, which caused severe head trauma.[15]   Furthermore, the officers did not attempt to verbally or physically stop this attack and did not report the attack.[16]   None of the officers was injured during this incident, and Plaintiff was not charged with any crime as a result of the incident.[17]

Plaintiff was unable to receive treatment for his bleeding head because a physician[18] at the HPD jail would not treat him.[19] Chavez, Gossett, Cuffy, or the unidentified officer transported Defendant to Ben Taub Hospital ("Ben Taub") and then left the hospital without retaining custody.[20]   Plaintiff sat at Ben Taub for hours without treatment.   Then, his mother took him to St. Luke's Hospital where he received treatment for a concussion and "abrasions all over his body."[21]   The medical treatment included

---

[14]   Id.

[15]   Id.

[16]   Id. at ¶ 8.

[17]   Id.

[18]   Id. at ¶ 9.   The court notes that Plaintiff placed quotation marks around physician in his description of this individual; however, the court can identify no significance in Plaintiff's use of quotation marks.   Id.

[19]   Id.

[20]   Id.

[21]   Id.

placing staples to close the head wound.[22]

Plaintiff contends that the Houston Internal Affairs Department ("IAD") has a custom of not thoroughly investigating incidents and/or not finding violations, no matter how valid an individual's excessive force complaint may be.[23]  Plaintiff further argues that IAD's lack of thorough investigation encourages HPD officers to maintain an indifferent attitude regarding the use of excessive force towards individuals in custory.[24]

## II.  Rule 12(b)(6) Motion to Dismiss

Rule 8(a)(2) "requires only a 'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  The question in a Rule 12(b)(6) motion, therefore, is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff.  Fed. R. Civ. P. 12(b)(6); In re Katrina Canal Beaches Litig., 495 F.3d 191, 205 (5th Cir. 2007).

The court determines whether the plaintiff has stated a

_____

[22]   Id. at ¶¶ 7, 9.

[23]   Id. at ¶ 10.

[24]   Id.

legally cognizable claim that is plausible; the court does not evaluate the plaintiff's likelihood of success. <u>Ashcroft v. Iqbal</u>, 556 U.S. __, 129 S.Ct. 1937, 1949 (2009).  A pleading will not survive a motion to dismiss if it only offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. <u>Id.</u>

### III.  <u>Analysis</u>

The court will first address the City's Motion to Dismiss and will then address Defendants Gossett and Cuffy's Motion to Dismiss.

**A.  Defendant City of Houston's 12(b)(6) Motion to Dismiss**

The City moves to dismiss Plaintiff's claims for assault, battery, IIED, Section 1983, Section 1985, and Section 1988.

**1.  State Claims**

**a.  Notice**

The City moves to dismiss Plaintiff's state law claims because, it argues, it did not receive actual notice of Plaintiff's claim and that Plaintiff failed to provide proper notice of his claims against the City as required by the City of Houston Charter, Article IX, § 11 ("the Charter") and the Texas Civil Practice and Remedies Code ("Texas CPRC") § 101.101.[25]

The City claims that the Charter requires Plaintiff to provide the City with notice of his alleged injuries within ninety days of

---

[25]    The City's Motion to Dismiss, Docket Entry No. 22, ¶¶ 8-22.

those alleged injuries.[26]   Alternatively, the City argues that the Texas CPRC § 101.101 requires Plaintiff to provide notice of a claim against a governmental unit within six months of the incident giving rise to the claim.[27]   Therefore, the City argues Plaintiff's state law claims against it are barred.[28]

Because the Texas CPRC provides the legal authority for the City's notice arguments, the court will focus on its provisions and requirements. Texas CPRC § 101.101 state in relevant part:

> "(a) A government unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred.  (b) A city's charter . . . provisions requiring notice within a charter period permitted by law are ratified and approved.  (c) [These] notice requirements do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been injured."

A court will bar a plaintiff from bringing state claims against a governmental unit when the plaintiff has failed to provide the governmental unit with either timely, formal notice or actual notice. Mack v. Abilene, 461 F.3d 547, 557 (5th Cir. 2006)(applying Texas law).

Here, although Plaintiff does not address his failure to provide the City with timely notice, it is undisputed that Plaintiff sent notice of his suit to the City on January 5, 2009,

---

[26]    The City's Motion to Dismiss, Docket Entry No. 22, ¶ 10.

[27]    Id. at ¶ 16-17.

[28]    Id. at ¶ 8.

more than six months after Plaintiff's injuries on July 1, 2008.[29]
Consequently, Plaintiff neither provided notice within ninety days
as required under the Charter nor within six months as required
under the Texas CPRC.   Accordingly, the court must determine
whether the City had actual notice of Plaintiff's claim against it
as required by Texas CPRC § 101.101(c).

Plaintiff argues that the City had actual notice of his
injuries because Defendants Chavez, Gossett, Cuffy, and another
unidentified police officer were present when they allegedly
committed assault and battery against Plaintiff during the
incident.[30]   Plaintiff also argues that the City received actual
notice because Defendants Chavez, Gossett, Cuffy, and another
unidentified police officer transported Plaintiff to Ben Taub for
treatment of his injuries after the incident.[31]

A governmental unit has received actual notice when it has
received knowledge of the following: (1) a death, injury, or
property damage; (2) its alleged fault in producing or contributing
to the injury; and (3) the identity of the parties involved.   Tex.
Dep't of Crim. Justice v. Simons, 140 S.W.3d 338, 347 (Tex. 2004),
rev'd on other grounds by statute, Tex Gov't Code Ann. § 311.034.

---

[29]    The discrepancy between the date in Plaintiff's complaint and the
date in the letter from Plaintiff's attorney is not significant because both
dates fall outside of the six-month period required under the Texas CPRC.

[30]    Amended Complaint, Docket Entry No. 20, ¶ 64.

[31]    Id. at ¶ 9.  The court notes that the "Underlying Facts" section in
Plaintiff's complaint alleged that only one of the four officers present during
the incident at the HPD jail transported Plaintiff to Ben Taub.  Id.

"The purpose of the notice requirement is to ensure prompt reporting of claims in order to enable governmental units to gather information necessary to guard against unfounded claims, settle claims, and prepare for trial." Simons, 140 S.W.3d at 344.  The Texas Supreme Court reasoned that the actual notice requirement in § 101.101(c) is intended to ensure that "a governmental unit have knowledge that amounts to the same notice to which it is entitled by § 101.101(a)." Simons, 140 S.W.3d at 347.  Therefore, the Texas Supreme Court held that for a governmental unit to receive actual notice, it must have "subjective awareness of fault, along with the other information to which it is entitled under § 101.101(a). Id.

A governmental unit does not have "subjective awareness of fault" even if a reasonable person should have investigated the incident.  Id.  Instead, a governmental unit must have "actual, subjective awareness of its fault in the matter." Id. at 348.  In Parsons v. Dallas County, the court concluded that a governmental unit had actual notice when the plaintiff, a jail inmate, was injured when he fell after leaning against an unanchored table in the jail. Parsons v. Dallas County, 197 S.W.3d 915, 919 (Tex. App – Dallas 2006, pet. denied).  The court reasoned that this incident satisfied the requirements of providing the governmental unit with actual notice for the following reasons: (1) the plaintiff was injured; (2) jail employees procured the ambulance for the plaintiff; and (3) the County had "subjective awareness of its

10

fault" through the unanchored table's contribution to the plaintiff's injuries.  Id.  Although the court did not provide any additional rationale for reaching this conclusion, it is clear that it focused on the jail employees' role in arranging for medical assistance and on the role of the jail's tangible personal property, the unanchored table, in the plaintiff's injuries.  Id.

Here, the City argues that it did not receive actual notice because it did not investigate Plaintiff's injuries other than making an "initial jail report."[32]  However, whether or not a governmental entity investigated the incident is not the test for actual notice.  Simons, 140 S.W. at 347.  Plaintiff argues that the City received actual notice through its police officers who were present at the scene of his injuries and during his transport to the hospital.[33]  In addition, Plaintiff alleged that the police officers intentionally caused the jail cell door to contribute to his injuries.[34]  This is sufficient to show that the City had "subjective awareness of its fault" in causing Plaintiff's injuries.  Id. at 348.  Therefore, the court concludes that the City had actual notice of Plaintiff's claim, and the court **DENIES** the City's motion to dismiss Plaintiff's state claims of assault, battery, and IIED on these grounds.

---

[32]    The City's Motion to Dismiss, Docket Entry No. 22, ¶ 22.

[33]    Amended Complaint, Docket Entry No. 20, ¶ 64.

[34]    Id. at ¶ 7.

**b.   Governmental Immunity - Texas CPRC § 101.057(2)**

Alternatively, the City moves to dismiss Plaintiff's state intentional tort claims against it because Texas CPRC § 101.057(2) does not allow a plaintiff to sue a municipality for an intentional tort.[35]

Texas CPRC § 101.057(2) provides governmental immunity to a governmental unit against claims "arising out of assault, battery . . . or any other intentional tort" when that claim focuses on the governmental unit acting in its "government function."  Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2).  A "government function," is defined, in relevant part, as "police and fire protection and control" or the "establishment and maintenance of jails."  Tex. Civ. Prac. & Rem. Code Ann. § 101.0215 (a)(1)(7).  The United States Court of Appeals for the  Fifth Circuit ("Fifth Circuit") has consistently held that this section of the Texas CPRC clearly grants a municipality immunity from intentional tort liability. Jones v. Houston Indep. School District, 979 F.2d 1004, 1007 (5th Cir. 1992).  Therefore, because the City is a governmental unit acting in its "government function" as specified above, the court **GRANTS** the City's motion to dismiss Plaintiff's state claims of assault, battery, and IIED.

**2.   Federal Claims**

**a.   42 U.S.C. § 1985 - The City Cannot Conspire**

---

[35]     The City's Motion to Dismiss, Docket Entry No. 22, ¶¶ 23-28.

The City moves to dismiss Plaintiff's Section 1985 conspiracy claim[36] on grounds that the City cannot conspire as a matter of law.[37]

Pursuant to 42 U.S.C. § 1985(3), a person is liable for conspiracy to interfere with another's civil rights if "two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person . . . of the equal protection of the laws [] or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). "A corporation cannot conspire with itself any more than a private individual can, and it is the general rule that the acts of the agent are the acts of the corporation." Hilliard v. Ferguson, 30 F.3d 649, 653 (5th Cir. 1994). The Fifth Circuit has classified a municipality as a corporation. See Benningfield v. City of Houston, 157 F.3d 369, 378 (5th Cir. 1998)(citing Hilliard, 30 F.3d at 653)(explaining that the City of Houston cannot be liable under § 1985(3) because it is a "corporate entity.") Therefore, to the extent Plaintiff intended to bring a Section 1985 conspiracy claim against the City, the court **GRANTS** the City's motion to dismiss Plaintiff's Section 1985

---

[36]    Plaintiff's complaint also alleges that the individual defendants conspired to violate his rights under the Texas constitution. However, Plaintiff provides no specifics for that claim.    In addition, although the City argues that Plaintiff has brought a state civil conspiracy claim in addition to his Section 1985 action, the Plaintiff's complaint pleads only a Section 1985 claim. Moreover, the Plaintiff's complaint specifically raises this claim against "all individual Defendants" and does not appear to assert it against the City. Nevertheless, the court addresses the City's argument out of an abundance of caution.

[37]    The City's Motion to Dismiss, Docket Entry No. 22, ¶¶ 31-34.

13

claim against it.

### b.   Section 1983 - **No Respondeat Superior Liability**

The City argues that it cannot be held jointly and severally liable on the basis of respondeat superior for damages caused by its employees unless an employee's wrongful acts were carried out pursuant to an official policy or custom of the City.[38]

In order to attribute Section 1983 liability to a local government, a plaintiff must establish the following: "(1) an official policy (or custom), of which (2) a policy maker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy (or custom)." Pineda v. City of Houston, 291 F.3d 325, 328 (5th Cir. 2002); see also Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).  In other words, a plaintiff must "identify the policy, connect the policy to the [city] itself and show that the particular injury was incurred because of the execution of that policy." Bennett v. City of Slidell, 728 F.2d 762, 767 (5th Cir. 1984).

Here, the City correctly argues that it cannot be held liable for the allegedly wrongful or negligent acts of its officers on the basis of respondeat superior.  However, the City does not challenge the factual or legal sufficiency of the policies Plaintiff alleged

---

[38]    Id. at ¶¶ 35-37.

14

in his complaint.[39]   Therefore, although the court agrees that Plaintiff cannot base the City's Section 1983 liability on respondeat superior, the court **DENIES** the City's motion to dismiss Plaintiff's Section 1983 claims.

### c.   Section 1983 - Immunity from Punitive Damages

The City also moves to dismiss Plaintiff's claim for punitive damages.   Municipalities are immune from punitive damages under both Section 1983 and the Texas CPRC.   <u>City of Newport v. Fact Concerts, Inc.</u>, 453 U.S. 247, 271 (1981); Tex. Civ. Prac. & Rem. Code § 101.024.   Therefore, the court **GRANTS** the City's motion to dismiss Plaintiff's claim for punitive damages against the City.

## B.   Defendants Gossett and Cuffy's 12(b)(6) Motion to Dismiss

Defendants Gossett and Cuffy move to dismiss Plaintiff's claims against them for assault, battery, IIED, Section 1983, and Section 1988.

### 1.   State Claims

### a.   Election of Remedies - Texas CPRC § 101.106

Defendants Gossett and Cuffy argue that Plaintiff is barred from suing them under Texas CPRC § 101.106(a) which states that once a plaintiff files suit against a governmental unit, it is immediately precluded from suing "any individual employee of the

---

[39]   The court notes that Plaintiff's complaint does include sufficient facts to state a Section 1983 claim against the City.   <u>See e.g.</u>, Amended Complaint, Docket Entry No. 20 ¶ 37-40 (claiming that the City's custom or policy includes "allowing, encouraging, requiring, and/or training and supervising officers to use excessive force as a first resort rather than training officers to assess the totality of circumstances in an objectively reasonable manner."

governmental unit regarding the same subject matter." Tex. Civ. Prac. & Rem. Code Ann. § 101.106(a). However, Defendants Gossett and Cuffy's reliance upon § 101.106(a) is misplaced because Plaintiff did not choose to sue the governmental unit alone. Instead, Plaintiff filed suit against the City and Defendants Gossett and Cuffy simultaneously. Therefore, Texas CPRC § 101.106(e) applies.

Texas CPRC § 101.106(e) states that once a plaintiff has sued both a governmental unit and any of its employees, the employees can be released from the suit only if the governmental unit moves to do so. Tex. Civ. Prac. & Rem. Code Ann. § 101.106(e). [40] The purpose of this section of the statute is to require "a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her liability such that the governmental unit is vicariously liable." Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 657 (Tex. 2008). Therefore, because the City has not moved to dismiss its employees from Plaintiff's state law claims, the court cannot dismiss Plaintiff's state claims against Defendants Gossett and Cuffy on this basis. Thus, the court **DENIES** Defendant Gossett and Cuffy's motion to dismiss Plaintiff's state claims against them.

---

[40]     In his Response to Defendants Gossett and Cuffy's Motion to Dismiss, Plaintiff argues that Texas CPRC section 101.106 does not apply to the claims that he did not bring under that section of the statute. This is an unfounded argument, which is completely contrary to law. § 101.106 of the TTCA applies to any common law claim brought against a governmental unit and/or its employees. Bustos v. Martini Club, 599 F.3d 458, 463 (5th Cir. 2010); Mission Consol. Indep. Sch. Dist. v. Garcia, 253 S.W.3d 653, 659 (Tex. 2008).

## 2. Federal Claims - Defendants in their Individual Capacities

Defendants Gossett and Cuffy move to dismiss Plaintiff's Section 1983 claims against them in their roles as individual officers and individual supervisors.[41]  The court will address these claims separately.

Regarding Plaintiff's claim that Defendants Gossett and Cuffy are individually liable as officers, Defendants Gossett and Cuffy move to dismiss Plaintiff's Section 1983 claim against them because Plaintiff's complaint "has failed to state specific allegations against Gossett and/or Cuffy for alleged actions taken against [Plaintiff]."[42]  Accordingly, Defendants Gossett and Cuffy argue that Plaintiff's complaint has failed to establish that Defendants Gossett and Cuffy are not entitled to qualified immunity because it does not meet the "heightened pleading" standard set forth in both Schultea v. Wood and Reyes v.Sazan.  Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999); Schultea v. Wood, 47 F.3d 1427, 1430 (5th Cir. 1995).

When defendants raise a qualified immunity defense in their answer, courts apply a "heightened pleading" standard.  Reyes, 168 F.3d at 161.  "[This] requires allegations of fact focusing specifically on the conduct of the individual who caused the plaintiff['s] injury." Id.  In Reyes, the court concluded that the district court did not err in deciding not to dismiss the

---

[41]    Defendants Gossett and Cuffy's Motion to Dismiss, Docket Entry No. 28, ¶¶ 15-21.

[42]    Id. at ¶¶ 18-21.

plaintiff's claims against the arresting officer, Sazan, because "[the plaintiff's complaint] alleged specific facts [concerning his] personal experience with Sazan." Id. at 161.   However, the court concluded that the district court did err in deciding not to dismiss the plaintiff's claims against the supervisory officers because the plaintiff's complaint regarding their behavior "[stated nothing] more than a bare conclusion." Id. at 161.

Here, although Defendants Gossett and Cuffy use the words "qualified immunity" in an attempt to heighten the pleading standard, they make no argument that they are entitled to qualified immunity.[43]   Furthermore, even if Defendants Gossett and Cuffy had made this argument, they are obviously not entitled to qualified immunity against Plaintiff's allegations that Defendants Gossett and Cuffy "pushed and punched . . . [and] shoved [him] into the cell door."[44]   Moreover, Plaintiff's Section 1983 claims against Defendants Gossett and Cuffy include "specific facts [regarding] his personal experience with [Defendants Gossett and Cuffy]." Id. For example, Plaintiff alleged that "while [he was] detained at the Mykawa jail and while in handcuffs, Plaintiff was physically battered and verbally assaulted by Defendants Chavez, Gossett, Cuffy, and another unidentified officer.   The four Police Officers . . . pushed and punched Plaintiff . . . [and] shoved [him] into the cell door, splitting his head wide open and causing Plaintiff

---

[43]      Defendants Gossett and Cuffy's Motion to Dismiss, Docket Entry No. 28 ¶ 19.

[44]      Amended Complaint, Docket Entry No. 20 ¶ 7.

to sustain severe head trauma."[45]   Plaintiff's complaint specifically identifies Defendants Cuffy and Gossett and focuses on "his personal experience" with each Defendant.   Id. at 161. Plaintiff's complaint is not a mere recitation of "bare conclusions," and Plaintiff has adequately stated a Section 1983 cause of action against Defendants Cuffy and Gossett in their individual capacity as officers.   See Id. at 164.   Therefore, the court **DENIES** Defendants Cuffy and Gossett's motion to dismiss Plaintiff's Section 1983 claims against them as individual officers.

Regarding Plaintiff's claim that Defendants Gossett and Cuffy are individually liable in their roles as supervisors, Defendants Gossett and Cuffy move to dismiss Plaintiff's Section 1983 claim against them because Plaintiff did not plead specific factual allegations regarding Defendants Gossett and Cuffy's individual conduct as supervisors.

"There is no vicarious or respondeat superior liability of supervisors under section 1983."   Evett v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force, 330 F.3d 681, 689 (5th Cir. 2003). An officer may be found liable under Section 1983 for a failure to supervise when the plaintiff proves the following: "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference."

---

[45]   Plaintiff's Second Amended Complaint, Docket Entry No. 20.

Estate of Davis v. City of N. Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005).

Regarding whether Plaintiff specifically alleged that Defendants Gossett and Cuffy "failed to supervise or train [a] subordinate official," Plaintiff's complaint refers to all Defendants as supervisors. Estate of Davis, 406 F.3d at 381. In addition, Plaintiff's complaint alleges that when Defendants Chavez, Gossett, Cuffy, and another unidentified officer "shouted homosexual slurs, [] pushed and punched [him], and shoved [him] into the cell door, [the] Defendants failed to properly supervise their police officers."[46] Moreover, Plaintiff alleged that Defendants Gossett and Cuffy have an informal custom, practice, or policy . . . that includes . . . training and supervising officers to use excessive force as a first resort rather than training officers to assess the totality of the circumstances in an objectively reasonable manner . . . and to use excessive or deadly force before a person has a chance to act."[47] Accordingly, the court finds that Plaintiff has sufficiently pled facts that allege that Defendants Gossett and Cuffy "either failed to supervise or train [a] subordinate" officer.

Regarding "[the existence of a] causal link between the [Defendants'] failure to train or supervise and the violation of the plaintiff's rights," Defendants Gossett and Cuffy cite to Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995), in which the court

---

[46]    Amended Complaint, Docket Entry No. 20, ¶ 7.

[47]    Amended Complaint, Docket Entry No. 20, ¶ 38-39.

states that "the plaintiff must identify defendants who were either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." Defendants Gossett and Cuffy also quote a Northern District of Texas case, which states the "the misconduct of a subordinate must be affirmatively linked to the action or inaction of the supervisor." Estate of Henson v. Wichita County, Tex., 652 F.Supp.2d 730, 742 (N.D. Tex. Aug 4, 2009).

Here, as explained above, Plaintiff alleged specific facts in support of his Section 1983 claim that his Fourth and Fourteenth Amendment rights were violated through the "supervisory officers" [failure] to prevent the excessive force against [him.] Thus, Plaintiff's pleading satisfies the causal connection requirement. Woods, 51 F.3d at 583. However, both Woods and Estate of Henson, which Defendants Gossett and Cuffy cite in support of their argument that Plaintiff must specifically identify them as supervisors or subordinates in his complaint, reference a court's decision on supervisory liability in the context of summary judgment, not a Rule 12(b)(6) motion to dismiss. Plaintiff identifies both Defendant Gossett and Cuffy as supervisors in his complaint, and therefore, because Plaintiff's "well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff," the court finds that the Plaintiff has sufficiently pled facts to satisfy the second element for supervisory liability. In re Katrina Canal Beaches Litig., 495 F.3d at 205.

Regarding whether Plaintiff's complaint sufficiently alleges

that Defendant Gossett and Cuffy's failure to train or supervise amounted to deliberate indifference, Defendants Gossett and Cuffy do not challenge Plaintiff's allegations on this basis.  Therefore, the court does not address this issue.

### IV.  <u>Conclusion</u>

Based on the foregoing, the court **GRANTS IN PART AND DENIES IN PART** Defendant City of Houston's 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint (Docket Entry No. 22) and **DENIES** Defendants Tyler Gossett and Joel Cuffy's Rule 12(b)(6) Motion to Dismiss Plaintiff's Second Amended Complaint (Docket Entry No. 28).

In light of the findings above, the court notes that the following claims remain against the City: (1) Plaintiff's Section 1983 claims for violation of his Fourth and Fourteenth Amendment rights and (2) Plaintiff's Section 1988 claim for attorney's fees. In addition, the following claims remain against Defendants Gossett and Cuffy: (1) Plaintiff's Section 1983 claims for violation of his Fourth and Fourteenth Amendment Rights; (2) Plaintiff's Section 1985 claim for conspiracy to interfere his with civil rights; and (3) Plaintiff's state claims for assault, battery, and IIED.

**SIGNED** in Houston, Texas, this 3rd day of September, 2010.

_____
Nancy K. Johnson
United States Magistrate Judge